HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID C THEM and KATHLEEN A. THEM, husband and wife,

Plaintiffs,

v.

MANHATTANLIFE ASSURANCE COMPANY OF AMERICA, a foreign insurance company,

Defendant.

CASE NO. 3:19-cv-06034-RBL

ORDER

# I. INTRODUCTION

THIS MATTER is before the Court on Plaintiffs David and Kathleen Them's Motion to Remand. Dkt # 9. Them purchased a supplemental health insurance policy[1] from Defendant ManhattanLife Assurance Company. She was injured and had surgery and made a claim under her policy. ManhattanLife denied her claim because her injury, it claimed, was the result of an excluded pre-existing condition. ManhattanLife refused to pay any portion of Them's $66,000 surgery bill. Dkt # 10–1, ex. C.

---

[1] Them's Policy was "not a major medical insurance policy," but instead had "limited fixed indemnity benefits for hospital confinement and specified medical and surgical events." Dkt # 15 ¶ 5.

In December 2018 Them sued ManattanLife in Clark County Superior Court, alleging breach of contract and bad faith in its handling of her claim, and seeking the benefits owed to her under her policy. In March 2019, Them's counsel sent ManattanLife a letter memorializing the parties' conversation about what type of benefits under the policy would apply to the surgery bill. Them's counsel agreed to "look into the applicability of a $3,000 cap on 'ambulatory' benefits, versus $65,000 surgery (and other) bills." Dkt # 10–1, ex. C. ManhattanLife argues that this letter is no objective evidence that Them's claim exceeded the jurisdictional threshold.

In October 2019 Them produced her first set of discovery responses. Her responses did not articulate a specific dollar amount of damages, but did reference a claim for payment of all her medical bills. ManhattanLife contends that this was the first indication it had that Them sought more than the limited benefits even possibly covered by the Policy. ManhattanLife removed the case to this Court less than 30 days later.

Them seeks remand, arguing that ManhattanLife's removal was untimely. She claims it had already received notice through "other papers" that the amount in controversy requirement was met, before she answered the discovery. She argues that both her March 2019 letter, and ManhattanLife's own, earlier Explanation of Benefits made it clear that she was seeking coverage for her entire $65,000 surgery bill.

ManhattanLife argues that it was put on notice that the amount in controversy exceeded the jurisdictional threshold only after receiving Them's interrogatory responses in October 2019. It argues that until its receipt of that discovery, it did not have any basis for concluding that the claim exceeded the jurisdictional threshold, and that these "other papers" opened a second 30-day removal window. It argues that until that point it reasonably believed Them was seeking

only to recover the benefits owed to her under her policy if the exclusion did not apply—roughly $5,000.

**II. DISCUSSION**

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction. *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Id.* It is obligated to do so by a preponderance of the evidence. *Id.* at 1199. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). A case may be remanded to state court if it was not timely removed. *Cleveland v. W. Ridge Acad.*, No. 1:14-CV-01825-SKO, 2015 WL 164592, at *3 (E.D. Cal. Jan. 13, 2015).

Under 28 U.S.C. § 1446(b), a case may be removed under two different 30-day windows. The first requires a party to file the notice of removal within thirty days of receipt of the initial pleading or summons. 28 U.S.C. § 1446(b)(1). "If no ground for removal is evident in the initial pleading, the second thirty-day window to remove an action commences when the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Cleveland*, 2015 WL 164592, at *3 (citing 28 U.S.C. § 1446(b)(3)). The Ninth Circuit has held that settlement papers qualify as "other paper" for triggering the second 30-day window. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Discovery responses also qualify as "other paper." *Grazia v. Safeco Ins. Co. of Illinois*, No. C17-1130-JCC, 2017 WL 4803921, at *2 (W.D. Wash. Oct. 25, 2017).

There is no dispute that the parties are diverse or that the amount in controversy exceeds the jurisdictional threshold. The parties agree that the amount of Them's damages was not readily ascertainable from her complaint, and therefore that pleading did not trigger the first thirty-day removal period under 28 U.S.C. § 1446(b). *See Cleveland*, 2015 WL 164592, at *4. The Complaint is silent as to the amount of damages, claiming only "the full benefit of coverage contained in the policy of insurance." Dkt # 1–1 ¶ 4.3.

ManhattanLife claims that even if Them's claim was not excluded by a pre-existing condition, its exposure under the terms of the policy was less than $6000—it is a supplemental, limited policy; not a primary health insurance policy that may have paid the entire bill. Even if the amount was trebled it would not approach the jurisdictional threshold.

ManhattanLife argues correctly that Them's March letter did not disclose that she sought payment of the entire bill. Them's counsel agreed only to "look into" the type of benefits owed to Them under the policy. ManhattanLife's Explanation of Benefits did not (and could not; it was generated by ManhattanLife) clarify or disclose that Them sought the full cost of her surgery as damages, notwithstanding the policy's limits. It contained only the cost of surgery and the exclusion ManhattanLife applied to deny any benefits. Neither document provided ManhattanLife with the objective information as to the amount Them sought.

ManhattanLife argues that the case was not removable until it received Them's discovery responses, on October 10, 2019. Them's responses indicated that she was seeking the full amount of all medical bills not paid by ManhattanLife, regardless of if those benefits would have been owed under the policy. Dkt # 2–7 at 12–13. As a result, ManhattanLife's Notice of Removal on November 1, 2019 was timely filed within the second thirty-day removal window. The Court agrees and concludes that the removal was timely.

### III. CONCLUSION

Plaintiff Them's Motion to Remand is DENIED. The Court will not award fees or costs.

IT IS SO ORDERED.

Dated this 19th day of December, 2019.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge